IN  THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL B. MARTIN,                                    *

   v.                                    *    CIVIL ACTION NO. DKC-14-1841

JOHN S. WOLFE, et al.,                                *
                                                      ******

## MEMORANDUM OPINION

On May 15, 2014, Petitioner Michael B. Martin filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his conviction for solicitation to commit murder, solicitation to commit armed robbery, and solicitation to commit arson entered in 2008 in the Circuit Court for Baltimore County.[1]  ECF No. 1.  Respondents filed an Answer which solely addresses the timeliness of Petitioner's application.  ECF No. 5.  Petitioner was advised of his opportunity to file a reply, ECF No.  6, and he has done so. ECF No. 7.

Petitioner was convicted in the Circuit Court for Baltimore County, Maryland of solicitation to commit murder, solicitation to commit armed robbery, and solicitation to commit arson on November 29, 2007.  ECF No. 5, Exs. 1 & 2.  On January 28, 2008, he was sentenced to 40 years imprisonment.  *Id.*

Petitioner noted a timely appeal of his conviction and sentence.  *Id.*, Ex. 2.  His judgment of conviction was affirmed by the Court of Special Appeals of Maryland in an unreported opinion filed on June 30, 2009.  On October 9, 2009, the Court of Appeals of Maryland denied Petitioner's petition for writ of certiorari.  *Id.*  He did not seek further review.  Accordingly, his convictions became final on January 7, 2010, when the time for seeking further review expired.

---

[1] The Petition, received on June 9, 2014, is dated May 15, 2014, and is deemed filed on that date.

*See* Sup. Ct. Rule 13.1 (petition for writ of certiorari to be filed no later than 90 days after judgment from which review is sought).

In the meantime, on October 19, 2009, Petitioner initiated a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, *et seq*.  *Id*., Ex. 1.  The Petition was denied on December 15, 2011. Petitioner filed a request for reconsideration on December 16, 2011, which was denied on January 9, 2012.  *Id*. Exs. 1 & 3.  His post-conviction proceedings became final on February 8, 2012, when the time for seeking leave to appeal expired.  Petitioner then sought to reopen his post-conviction proceedings by way of motion filed on February 13, 2012.  The motion was denied on February 28, 2012, and the ruling became final on March 29, 2012.  *Id*., Ex. 1 & 3; *see also* Md. Rule 8-204(b).

Plaintiff indicates that he filed a second motion to re-open post-conviction proceedings on July 3, 2012.  ECF No. 7, p. 2.  The docket entries indicate that on July 3, 2012, Petitioner filed a "Motion for Reconsideration of Denial of Motion to Reopen Post- Conviction."  The Motion was denied on July 25, 2012. ECF No. 4, Ex, 1, p. 10. Additionally he states that he filed a "motion for final judgment" on April 16, 2013 which was denied without explanation on April 24, 2013.  *Id; see also* ECF No. 5, Ex. 1, p. 10.  Thereafter, he filed an application for leave to appeal the denial of his "motion or final judgment" on May 22, 2013, which was denied on September 11, 2013. *Id*.   This application for leave to appeal was untimely.  *Id*., Ex. 3; *see* Md. Rule 8-204(b) (application for leave to appeal to be filed within 30 days after entry of judgment or order from which appeal is sought).

Title 28 U.S. C. § 2244(d)[2] provides a one-year statute of limitations in non-capital cases for those convicted in a state case.  This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled.  *See* 28 U.S.C. § 2244(d)(2).  *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 771, 771-72 (D. Md. 1998).

The statute of limitations began to run in Petitioner's case on January 7, 2010, and was statutorily tolled while Petitioner pursued post-conviction proceedings.  Assuming, without deciding, that Petitioner's Motions to Reopen state post-conviction proceedings statutorily tolled the limitations period, the statutory tolling ceased on March 29, 2012, when the denial of his first Motion to Reopen Post-Conviction proceedings became final.  Petitioner had nothing pending statutorily to toll the limitations period from March 29, 2012 to July 3, 2012, a period of 96 days

---

[2] This section provides:

> (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B)     the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

when he filed what he characterizes as a second Motion to Reopen.  Assuming the second

Motion served to toll the limitations period, that Motion was denied on July 25, 2012.  As of that

date, Petitioner had no other post-conviction proceedings pending which could serve statutorily

to toll the limitations period.  His "Motion for Final Judgment" is not a properly filed post-

conviction proceeding which would serve to toll the limitations period under § 2244(d)(2).  Nor

did his late application for leave to appeal toll the limitations period.  Petitioner did not file the

instant case until May 15, 2014, nearly two years after the conclusion of any properly filed post-

conviction proceedings. As such, his claim is time-barred.

In *Holland v. Florida,* 560  U.S. 631 (2010), the Supreme Court concluded that equitable

tolling applies to the AEDPA's statute of limitations.  *Id*. at 633.  The Court found that in order to

be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights

and (2) that some extraordinary circumstance prevented the timely filing.  *Id*. at 649.  The

question of whether equitable tolling applies hinges on the facts and circumstances of each

particular case.  *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).[3]

Petitioner indicates that his claim should not be time barred because for six weeks-from

December 14, 2011 to January 27, 2012, he was without all of his property, including his legal

materials.  ECF No. 7.  Petitioner further indicates that at the advice of his Public Defender he

moved to reopen his post-conviction proceedings so that the post-conviction decision could be

"re-date[d]" in order that he be able to file a timely application for leave to appeal.  *Id*.  He

indicates that he did not receive notification that his motion was denied, leading to "the longest

supposed 'delay'."  *Id*.  He indicates that in April of 2013, he sought a response from the Circuit

---

[3] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

Court concerning his motion to reopen and on September 11, 2013, he received the denial of his application for leave to appeal from the Maryland Court of Special Appeals.  He indicates that he believed the statute of limitations on his federal habeas petition began to run on that day because that is the date he fully exhausted his state court remedies.  *Id*.

Petitioner's claims that his delay in filing were occasioned by his lack of awareness of the law, the separation from his property for six weeks, and the lack of response from the Maryland courts to his occasional inquiries as to the status of his proceedings[4] is unavailing to serve equitably to toll the limitations period.  Petitioner's pro se status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling.  *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation).  In short, the court does not find Petitioner's arguments for equitable tolling compelling.  *See Rouse v. Lee*, 339 F.3d 238, 248-249 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling);  *Smith v. McGinnis*, 208 F.3d 13, 18 (2nd Cir. 2000) (self-represented status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F.Supp.2d 232, 235 (E.D. N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling).

---

[4] Documents provided by Petitioner indicate that he wrote to the Court of Special Appeals in April of 2012 inquiring as to the status of his application for leave to appeal.  The next document Petitioner provides is approximately one year later, April of 2013, when he wrote to the Circuit Court for Baltimore County inquiring into the status of his motion to reopen.  Petitioner offers no explanation for his lack of diligence during that year.  Nor does he explain the nearly nine month delay between his ascertaining that his state court proceedings were final and the instituting of the instant case.

Therefore, the Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  In  *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA  [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack,* 529 U.S. at 484.  Petitioner does not satisfy this standard, and the court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

A separate Order follows.


  November 3, 2014                                  _____/s/_____
Date                                               DEBORAH K. CHASANOW
                                                   United States District Judge

6